**FILED**

JAN 2 2 2018

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIE B. BATES )
)
Plaintiff, )
vs. )
)
STVT-AAI EDUCATION INC., )
dba PLATT COLLEGE; )
)
Defendant(s) )

Case No. CIV-18-65-W

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Willie B. Bates, alleges and states:

### PARTIES

1.      The Plaintiff is an adult black male who is a resident of Ridgeland, Mississippi and who worked for Defendant as Director of Education at its Oklahoma City location from May, 2015 to September, 2016.

2.      Defendant STVT-AAI Education, Inc. d/b/a Platt College, is a foreign corporation doing business in Oklahoma City, Oklahoma.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f).

4.      Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f) (3) and 28 U.S.C § 1391(a).   The unlawful employment practices complained of herein occurred in Oklahoma City, Oklahoma.   Defendant STVT-AAI Education, Inc., d/b/a Platt College maintains its principal office in Oklahoma City, Oklahoma.

5.      Defendant STVT-AAI Education, Inc., d/b/a Platt College is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

1

6. On or about February 2017, Plaintiff filed a timely Charge of Discrimination alleging, among other things, that Defendant subjected him to sex and race discrimination when it terminated him under the pretextual reason of high attrition numbers. Exhibit A. Plaintiff filed this Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

7. Pursuant to Section 706 of Title VII, the EEOC notified the Defendant of Plaintiff's Charge of Discrimination, conducted an investigation, and issued a Right to Sue on October 26, 2017. Exhibit B.

8. Plaintiff timely filed the instant action within ninety (90) days of his receipt of the Right to Sue.

## FACTS

### Plaintiff's Employment with Defendant

9. In May, 2015, Plaintiff began his employment with Defendant as Director of Education at its Oklahoma City North location. Plaintiff moved from Tennessee to accept this position with Platt College.

10. As Director of Education, Plaintiff had responsibilities in each of the academic programs at the Oklahoma City North location, which included Medical Assistant, Culinary Arts, Nursing, and Bachelors in Hospitality and Restaurant Management.

11. Plaintiff's duties as Director of Education included hiring, managing, supervising, coaching, and training faculty and other direct reports.

12. Plaintiff was also responsible for improving student retention in all academic programs.

13. Other employees and staff at the Platt College Oklahoma City North location also were responsible for improving student retention.

14. Student attrition can occur for many reasons. Students may move, get sick, become employed; become disengaged due to low performing instructors, incarceration, marriage or death.

15. Every department in the school can have some effect on attrition.

2

16.     Plaintiff was not responsible for all departments at Platt College nor did he have authority to make changes or give directions in all departments.

17.     Plaintiff attempted to raise retention numbers in many ways, including trying to get the recruiting department to stop admitting students with criminal backgrounds into programs from which they would never be able to work due to their criminal history, which often caused attrition. However, Plaintiff had no authority over recruiting and received no support from superiors regarding this practice.

18.     Plaintiff also tried to address retention by issuing a white direct report corrective action for that report's academic program's high attrition numbers. However, Plaintiff's superior, Kayla Danyeur, a white female, refused to allow Plaintiff to issue the corrective action. Later, those same attrition numbers would be held against Plaintiff.

***Plaintiff's Employment is Abruptly Terminated***

19.     On or about September 30, 2016, Kayla Danyeur, a white female, and Mark Ferguson, a white male, abruptly terminated Plaintiff's employment.

20.     Danyeur stated that Plaintiff was being terminated as a result of high attrition numbers in the academic programs.

21.     White employees who were responsible for retention were not terminated despite the same attrition numbers.

22.     Plaintiff was never issued corrective action or performance improvement plans to allow him an opportunity to improve retention before being terminated.

23.     White employees were allowed opportunities, including performance improvement plans, and continued employment without adverse action, despite their low retention numbers.

24.     Specifically, Jeff Howard, a white male, was not issued corrective action despite his persistent low retention numbers. Howard was Plaintiff's direct report and Howard had responsibility

for retention in his academic program.  Kayla Danyeur refused to allow Plaintiff to issue Howard corrective action regarding attrition but later held Howard's low retention numbers against Plaintiff.

25.     Upon information and belief, Michael Johnson, a white male, the Director of Admission, was responsible for student retention with respect to enrollment and was allowed time to correct his low retention numbers by being placed on a performance improvement plan instead of being terminated. Johnson reported to Danyeur.

26.     Upon information and belief, Rebecca Burleigh, a white female, who was the Regional Director of Admissions, and who also had responsibilities for student retention numbers with respect to enrollment, was not terminated when her numbers were low but was instead provided additional time to improve her numbers by being placed on a performance improvement plan.

27.     Based on information and belief, to the best of his recollection, while employed with Defendant, Plaintiff ranked as the top rated Director of Education for re-entries (convincing students who had dropped to renter) across all of Defendant's nationwide campuses.

**Defendant Replaces Plaintiff with a Far Less Qualified White Female**

28.     During his employment with Defendant, Plaintiff interviewed a white female named Saundra Geary for an adjunct professor position to teach part-time in the culinary arts program.  Geary had minimal teaching experience and no experience working in proprietary administration of any school.

29.     Based on her limited prior teaching experience and her prior work experience in the education field, Plaintiff hired her as a part-time adjunct professor.  Based on information and belief, at the time of Plaintiff's termination, she had only been employed at Platt College approximately six months.

30.     Despite her complete lack of prior educational administrative experience and her only minimal educational work experience through part-time adjunct teaching, Defendant hired Saundra Geary, a white female, to replace Plaintiff after he was terminated.

4

31.    Plaintiff has more than ten years of work experience in higher education, with seven of that in the role of Director of Education or Dean at proprietary colleges such as Platt College.

**Defendant's Stated Reason for Termination is Pretext**

32.    At various times, Defendant has offered different reasons for Plaintiff's termination.

33.    During his termination meeting, Danyeur told Plaintiff he was being terminated due to attrition numbers.  Defendant informed the Oklahoma Employment Security Commission that Plaintiff was terminated for unsatisfactory job performance without misconduct.  Exhibit C.  In its Position Statement to the EEOC, Defendant stated that Plaintiff was terminated for misconduct and integrity violations.  Exhibit D.

34.    Just months prior to his termination, in approximately April, 2016, Defendant gave Plaintiff a pay raise.

35.    Just the week prior to his termination, Defendant invested resources in Plaintiff's development and in the school's institutional knowledge by sending Plaintiff to California for a conference with the Accrediting Commission of Career Schools and Colleges (ACCSC) to explore, among other things, how to improve student retention.

<u>COUNT ONE</u>

<u>Title VII, 42 U.S.C. § 2000e-2(a)</u>

<u>Unlawful Discrimination Based on Race</u>

36.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-35 as if fully set forth herein.

37.    Defendant terminated Plaintiff and failed to follow its progressive discipline policy because of Plaintiff's race, which constitutes unlawful race discrimination in violation of Title VII.

38.    Defendant's purported reasons for terminating Plaintiff and for denying him equal treatment under its progressive discipline policy are a pretext for race discrimination.

39.     As a direct and proximate result of Defendant's unlawful race discrimination, Plaintiff incurred damages including, but not limited to, lost income, loss of enjoyment of life, and damage to his personal and professional reputation.

### COUNT TWO
### Title VII, 42 U.S.C. § 2000e-2(a)
### Unlawful Discrimination Based on Sex

40.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-39 as if fully set forth herein.

41.     Defendant terminated Plaintiff and failed to follow its progressive discipline policy because of Plaintiff's sex, which constitutes unlawful race discrimination in violation of Title VII.

42.     Defendant's purported reasons for terminating Plaintiff and for denying him equal treatment under its progressive discipline policy are a pretext for sex discrimination.

43.     As a direct and proximate result of Defendant's unlawful sex discrimination, Plaintiff incurred damages including, but not limited to, lost income, loss of enjoyment of life, and damage to his personal and professional reputation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, liquidated damages, and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

Respectfully Submitted,

Date: January 19, 2018

Willie B. Bates II, Pro Se
959 Lake Harbour Drive.
Ridgeland, Mississippi 39157
(901) 378-1964
onceuponamarine@gmail.com

6